UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Zhacoriah Bell,

    Plaintiff,

-vs.-


Equifax Information Services, LLC, and
All-State Credit Bureau, Inc,

    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, ZHACORIAH BELL, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY A. HANSZ**, and for her Complaint against the Defendants, pleads as follows

**I.**

**NATURE OF THE ACTION**

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

**II.**

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p.

3. Venue is proper in the Eastern District of Michigan as the Defendants Equifax Information Services, LLC and All-State Credit Bureau, Inc. conduct their businesses in the State of Florida.

### III.

### PARTIES

4. Plaintiff is a natural person residing in the City of Roseville, Macomb County, Michigan.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the State of Michigan; and

    b. All-State Credit Bureau, Inc. ("All-State") is a Michigan corporation that conducts business in the State of Michigan.

## IV.

## **GENERAL ALLEGATIONS**

6. All State is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous notation of account in dispute on Plaintiff's Equifax credit disclosures.

7. Plaintiff no longer disputes the Errant Tradeline.

8. On November 16, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting with a notation of customer disputes the account.

9. On or about December 1, 2023, Plaintiff submitted a letter to Equifax stating that he no longer disputes the tradeline and requesting it to remove the notation of account in dispute.

10. Equifax received the letter on December 20, 2023.

11. Equifax forwarded Plaintiff's consumer dispute to All-State.

12. Plaintiff had not received Equifax's investigation results. Therefore, on February 5, 2024, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and All-State last reported to Equifax on January 24, 2024 and failed or refused to remove the notation of account in dispute.

13. Defendants' failure to remove the erroneous notation of account in dispute makes the tradeline false and misleading to any user of the credit reports.  It

also damages the Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same as no conventional lender will grant a mortgage based on any credit reports that have any tradeline or other item flagged as disputed.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit files or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALL-STATE CREDIT BUREAU, INC.**

15. Plaintiff realleges paragraphs 6 through 14 as if recited verbatim.

16. After being informed by the Equifax of Plaintiff's consumer dispute of the erroneous notation, All-State negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

17. All-State negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to remove the erroneous

notation of the account in dispute.

18. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax to which it is reporting such tradeline.

19. As a direct and proximate cause of the All-State's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. All-State is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

21. Plaintiff has a private right of action to assert claims against All-State arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant All-State for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALL-STATE CREDIT BUREAU, INC.

22. Plaintiff realleges paragraphs 6 through 14 as if recited verbatim.

23. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, All-State willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

24. All-State willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

25. As a direct and proximate cause of All State's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. All-State is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant All-State for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

27. Plaintiff realleges paragraphs 6 through 14 as if recited verbatim.

28. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

29. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

30. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

31. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

34. Plaintiff realleges the paragraphs 6 through 14 as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: March 5, 2024

/s/ Gary Hansz
Gary Hansz (P44956)
Credit Repair Lawyers of America
39111 Six Mile Road, Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
Attorney for Plaintiff